The opinion oí the Court was drawn up by
Parker C J.
We have not had distinctly presented to *294 us in the argument the question probably intendea to be raised ™ this statement of facts; but as the action is against the sheriff for not paying over to the plaintiff the proceeds of the sale of the equity of redemption, sold on the execution of Weaver and Pierce against Apollos Dean, after satisfying that execution, we must presume it is intended to deny the right of Levi Dean, to whom the residue was paid, to receive any thing by virtue of his execution. The action must proceed on the ground that the equity was duly sold, for if it was not, the plaintiff can have no interest in the proceeds. His remedy in that case would be upon his title; for his action against the officer for not paying him the proceeds affirms the legality of the sale. So that the only question we have to decide is, whether by virtue of Levi Dean’s attachment, judgment, and execution, he could lawfully demand and receive of the officer so much of the proceeds of the sale as was left after satisfying Weaver and Pierce’s execution. If Levi Dean’s attachment was not sufficient to hold the equity, then as the plaintiff’s title by deed conveyed to him all the interest remaining in Apollos, after the attachment of Weaver, he had a right to demand and receive the surplus.
The objection to the validity of the attachment, is, that it did not cover all the land, the officer having returned that he attached the homestead containing about 30 acres, more or less, whereas the homestead, as devised to Apollos Dean, and mortgaged to Strange, contained at least 150 acres. But we think the attachment of the homestead was a sufficient description of the whole of the land devised and occupied as one farm by Apollos, and that the number of acres, being only a part of the description, and that inconsistent with the more general description, ought to be rejected as a mistake in the officer, or as repugnant.[1]
It is said, then, that the sale should have been on both executions, and being only on Weaver’s, that Levi Dean could not have his applied to the proceeds by the officer. But we see no grounds for this ; the equity will produce its full value as well if sold on one, as on both, and the expense ot *295 two sales may well be saved, the statute providing fcr a distribution of the proceeds among all the executions which may be in the officer’s hands; he being obliged to regal'd priority of attachments, as he would in the case of a sale of personal estate. One execution gives him full authority to seL, and the appropriation of the fund has no relation to this authority.
But there seems to be another ground to prevent the plaintiff from recovering in this action. By St. 1804, c. 88, § 6,[2] it is provided, that whenever an officer shall have m his hands any money arising from the sale of any equity of redemption, or personal property, more than sufficient to sat isfy the execution or executions on which such equity of redemption or personal property was taken and sold; such officer shall apply the same surplus money to the payment of any other execution which he may have in his hands unsatisfied against the same debtor, or which may be delivered to him before he shall have paid over such surplus money. Now it is agreed that no demand was made by the plaintiff on the officer for the surplus, until the 27th of February, 1826. The sale was made in July 1824, and he then had in his hands the execution of Levi Dean. Certainly the plaintiff was bound, if he would have claimed the surplus on account of the conveyance to him, to give notice to the officer of his intention ; for it was not the duty of the officer to search the records, to see if any conveyance had been made of the equity, which would supplant any execution in his hands. The plaintiff gave no notice, made no demand for eighteen months after the sale of the equity and after the money had been paid over according to the officer’s apparent duty by the statute. We think, on this ground, it is clear that the action is not sustained.
The case of Clark v. Austin, 2 Pick. 528, relied upon by the plaintiff, does in no respect militate against this decision. The sheriff, in that case, having notice of the right of Clark as assignee of the equity of redemption, paid over the surplus tu him, as he ought to have done, for Clark’s right was pre-
*296 cedent to the right under the other executions ; b>'t here Levi Dean’s lien by attachment preceded the plaintiff’s right as assignee, and on this ground he would fail in his action; besides which, the payment over to an execution creditor before any demand of the plaintiff as assignee, is a sufficient • defence to the officer.

 See Brown v. Bellows, ante, 190, note

 See Revised Stat. c, 97, § 32.